

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 776-2620

July 20, 2022

**By ECF**
Hon. Glenn T. Suddaby
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Re:   *Antonyuk, et al. v. Bruen*, No. 1:22-CV-734 (N.D.N.Y) (GTS/CFH)

Dear Chief Judge Suddaby:

This Office represents Defendant Kevin P. Bruen, in his official capacity as Superintendent of the New York State Police, in the above-referenced action.[1]  Today, Plaintiffs filed a motion for a preliminary injunction, and the Court's Clerk automatically set, in accordance with the Local Rules, the Response date for the Defendant's opposition as August 10, 2022, with a Reply due from Plaintiffs on August 17, 2022.  Due to the extensive nature of the briefing that must take place to address all of the issues that Plaintiffs raise in this lawsuit, Superintendent Bruen respectfully requests, over Plaintiffs' objection, an additional two weeks to respond to the motion for a preliminary injunction, making Defendant's Response due on August 24, 2022.

This action challenges New York's new Concealed Carry Improvement Act ("CCIA"), which was recently passed by the New York Legislature in special session, and signed into law by Governor Kathy Hochul on July 1, 2022.  The effective date of the CCIA is September 1, 2022.

In this lawsuit, Plaintiffs allege that certain provisions of the CCIA violate the First and Second Amendments of the federal constitution.  Specifically, Plaintiffs challenge multiple key sections of the CCIA, including (1) the requirement of "good moral character" for licensing, (2) the requirement of in-person interviews for licensing, (3) the requirement that a person give access to social media accounts in connection with a license application, (4) the requirement that a person

---

[1] My co-counsel, James M. Thompson (NDNY Bar Roll No. 703513), and I respectfully ask that this letter serve as our Notice of Appearance in the above-entitled action.

Hon. Glenn T. Suddaby
July 20, 2022
Page 2 of 2

submit character references as part of a licensing application, (5) all restrictions on "sensitive locations," (6) the existence of application fees and training requirements and (7) the provision banning the carrying of guns on private property absent the owner's consent.

The additional time is necessary due to the number of challenges raised by the Plaintiffs and the complexity of the constitutional issues involved. Also, as to the licensing requirements of the CCIA, there is no particular exigency in this case due to the fact that the only individual Plaintiff in this case, Ivan Antonyuk, by his own admission, will not be required to renew or recertify his permit until "January 2023." Compl. ¶ 108, ECF No. 1.

Again, I have spoken to Plaintiffs' counsel about this request and they oppose it.

Thank you kindly for your consideration of this matter.

> Respectfully submitted,
>
> *s/ Michael McCartin*
>
> Michael G. McCartin
> Assistant Attorney General | Special Counsel
> Bar Roll No. 511158
> (518) 776-2620
> Michael.McCartin@ag.ny.gov

cc: By ECF
All Counsel of Record