# ⓢ Stamboulieh Law, PLLC

P.O. Box 428, Olive Branch, MS 38654 | (601) 852-3440 | stephen@sdslaw.us

July 21, 2022

Hon. Glenn T. Suddaby                                                                *via ECF*
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

  **Re:** *Antonyuk, et al. v. Bruen,* No. 1:22-CV-734 (N.D.N.Y) (GTS/CFH)

Dear Chief Judge Suddaby:

  I represent the Plaintiffs in the above-styled action. Please accept this letter as Plaintiffs' Response to Defendant's Request for an extension. Unfortunately, due to the posture of this case seeking a preliminary injunction, and the impending implementation of the Concealed Carry Improvement Act ("CCIA") on September 1, 2022, Plaintiffs are unable to consent to an extension for several reasons.

  First, Plaintiff Antonyuk, while not required to recertify his permit until January 2023, as noted in Defendant's request, <u>will be immediately</u> subject to a slew of new and highly restrictive "sensitive locations" and "restricted locations" that will make normal, everyday places he visits now wholly off-limits to him as a concealed weapons carrier. (*See* Memo. at 2-3; Compl. at ¶¶107, 112-116; and Compl. Ex. "6" Decl. of Antonyuk at ¶¶12, 14-18). Most of these new "sensitive locations," not to mention most private property within the state, which are not currently off-limits to carry license holders, will become off-limits on September 1, 2022.

  Second, the organizational plaintiffs, Gun Owners of America, Inc., Gun Owners Foundation, and Gun Owners of America New York, Inc. have tens of thousands of members and supporters within the state, many of whom, prior to the Supreme Court's opinion in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055 (2022), would not have met the qualifications to obtain a license due to the "proper cause" standard under New York law, and thus, could not have qualified for a permit. *See* Compl. at ¶¶ 117-125. However, under the current statutory scheme and with the "proper cause" standard declared unconstitutional, such persons would now

qualify for a permit.  Upon implementation on September 1, 2022, the CCIA will upend this status quo and negatively affect the constitutional rights of all New Yorkers.

Third, Defendant's request for an additional fourteen days would have Defendant's Response to Plaintiffs' Motion for Preliminary Injunction due on August 24, 2022, and Plaintiffs' Reply ostensibly due on August 31, 2022.  This seems an unworkable request given that the CCIA goes into effect on September 1, 2022, and would require Plaintiffs to file a Reply and potentially argue on the same day which is literally the day before the CCIA takes effect.[1]

Plaintiffs have moved with all possible alacrity in bringing this challenge, filing their Complaint on July 11, 2022 (10 days after the CCIA was signed into law) and the instant Motion on July 20, 2022.  There is not much time, due not to Plaintiffs' delay, but instead due to the legislature and Governor also moving with a fervor to pass and sign into law these new restrictions and provide a short timeframe for implementation.  Plaintiffs do not believe that an extension of time is workable in this instance, and since this is not just a "licensing requirement" issue (Def. Req. at 2), and instead will affect Mr. Antonyuk and the organizational plaintiffs' members and supporters Second Amendment rights in real and concrete ways, restricting their rights even further and in contradiction to *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 2022 U.S. LEXIS 3055 (2022).

As such, Plaintiffs cannot consent and must oppose Defendant's Request.

Yours very truly,

Stephen D. Stamboulieh

cc:   All counsel of record (via ECF)

---

[1] Undersigned counsel will additionally be moving on the dates August 30, 2022 to September 1, 2022, with a moving truck already rented and plane ticket already purchased.