

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 10, 2022

**By ECF**

The Honorable Glenn T. Suddaby
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Re:   *Antonyuk, et al. v. Bruen*, No. 1:22-CV-734 (N.D.N.Y.) (GTS/CFH)

Dear Chief Judge Suddaby:

  This Office represents Defendant Kevin P. Bruen, in his official capacity as Superintendent of the New York State Police. Superintendent Bruen writes to the Court to respectfully ask the Court for permission to file a 65-page memorandum of law in opposition to Plaintiffs' motion for a preliminary injunction, ECF No. 9.

  The additional space is necessary to address the Plaintiffs' multi-pronged challenge to the Concealed Carry Improvement Act, recently passed by both houses of the State Legislature in special session and signed into law by Governor Hochul. Plaintiffs raise facial Second Amendment challenges to multiple aspects of the law, including the longstanding requirement that persons legally carrying guns have good moral character, see Compl. ¶¶ 52-58; several elements of the concealed carry permit application process, such as an in-person interview, character references, and sharing social media accounts, id. ¶¶ 59-66; prohibitions on carrying guns into vulnerable locations such as courthouses, places of worship, preschools, homeless or domestic violence shelters, polling places, and public transportation, id. ¶¶ 67-73; prohibitions on carrying guns onto other people's private property without their consent, id. ¶¶ 74-80; and requirements that concealed carry applicants take a training course, including live-fire training, id. ¶¶ 82-87.

  Each of these challenges must be addressed individually, and under the Supreme Court's recent decision in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S.Ct. 2111, 2126 (2022), "the government must demonstrate that [each] regulation is consistent with this Nation's historical tradition of firearm regulation." This involves an analysis of historical statutes and legal doctrines, in order to show that each of the challenged public safety measures are "relevantly similar" to historical antecedents. Id. at 2132. The additional space is necessary in order for New York to

Hon. Glenn T. Suddaby
August 10, 2022
Page 2 of 2

properly address the historical precedent for each challenged aspect in the statute, all of which are firmly grounded in the historical Anglo-American tradition of protecting individuals from those who would use guns to harm others.  The Court has previously noted the depth of the historical analysis it is expecting in this brief, writing that "Defendant certainly must . . . review "extensive" history to brief the Court on the relevant historical traditions in his response."  ECF No. 12; cf. Chi. Sergeants Ass'n v. City of Chi., 2009 U.S. Dist. LEXIS 141632, at *2 (N.D. Ill. Nov. 2, 2009) ("[u]nder inclusive and skeletal briefing puts the onus on the court to do the analysis that the [appellate courts have] repeatedly said is the job of counsel, not the court.").

      I have consulted with Plaintiffs' counsel, who would only consent to a ten-page extension, and only on the condition that they receive an extra five pages for their reply.  Superintendent Bruen will, of course, consent to any similar enlargement that the Plaintiffs may wish to have for themselves.

      Superintendent Bruen respectfully submits that enlarging the briefing in this case will assist the Court by ensuring a full presentation of the history and precedent supporting each of the challenged measures.  Justice Brandeis once wrote that reaching a fair resolution involves making sure "the case before [the Court] is adequately presented," Brandeis, "The Living Law," 10 Ill. L.Rev. 461, 470 (1916), and that only occurs when there are "comprehensive briefs and powerful arguments on both sides."  Adamson v. California, 332 U.S. 46, 59 (1946) (Frankfurter, J., concurring).  New York asks for sufficient space to fully and fairly address each of the multiple challenges Plaintiffs raise, and to effectively provide the historical analysis called for in the Bruen opinion.  We are available to discuss the issue at any time convenient for the Court.

                              Respectfully submitted,

                              James M. Thompson
                              Special Counsel
                              Bar Roll No. 703513
                              28 Liberty Street
                              New York, NY 10005
                              (212) 416-6556
                              james.thompson@ag.ny.gov

cc: By ECF: All Counsel of Record

\#