# NEW YORK STATE SENATE
# INTRODUCER'S MEMORANDUM IN SUPPORT
submitted in accordance with Senate Rule VI. Sec 1

**BILL NUMBER:** S51001

**SPONSOR:** STEWART-COUSINS

**TITLE OF BILL**:

An act to amend the penal law, the general business law, the executive law, the civil practice law and rules and the state finance law, in relation to licensing and other provisions relating to firearms

**PURPOSE**:

The United States Supreme Court's decision in New York State Rifle & Pistol Association, Inc., v. Bruen, et al. struck down a 100-year law requiring applicants for conceal carry gun permits to show "proper cause". It deemed New York State's existing law unconstitutional because the law afforded too much discretion to the State and its licensing officers in determining "proper cause." As a result of this decision, the State must amend the State's laws on concealed carry permits and take other steps to address the consequences of the Supreme Court decision and the resulting increase in licenses and in the number of individuals who will likely purchase and carry weapons in New York State.

The proposed legislation changes the concealed carry permitting process and adds specific eligibility requirements, including the taking and passing of firearm training courses for permit applicants. It will enable the State to regulate and standardize training for license applicants. The legislation also identifies sensitive locations where it is prohibited to carry a concealed weapon and establishes that private property owners must expressly allow a person to possess a firearm, rifle, or shotgun on their property. Individuals who carry concealed weapons in sensitive locations or in contravention of the authority of an owner of private property will face criminal penalties. The State will have oversight over background checks for firearms, run regular checks on license holders for criminal convictions, and create a statewide license and ammunition database. The legislation also strengthens and clarifies the law relating to the sale of body armor and the safe storage of firearms. The bill will take effect on September 1, 2022. An appeals board will be created for those applicants whose license is denied, which will take effect on April 1, 2023.

**SUMMARY OF PROVISIONS**:

Section 1 of this bill amends section 400.00 of the penal law: to define good moral character, provide new eligibility requirements, which include passing a firearms safety course; to create a new concealed carry license under 400.00 2(f) with additional disqualifying offenses and eligibility requirements; to create an appeals process for applicants who are denied, or licenses which are revoked; to require concealed carry 2(f) licenses to recertify and renew their license after three years; to provide that conduct that would result in a denial of a license would also operate as a ground for revocation of a license, and a material false statement would result in revocation of a license, issued to a licensee in writing.

Section 2 amends section 837 of the executive law, giving the Division of Criminal Justice Services (DCJS) the new duty and function of collaborating with the Division of State Police to certify instructors and create course and training standards for a firearms safety course and

live-fire range training. DCJS will work with the State Police to create an appeals board.

Section 3 amends the executive law by adding a new section 235, giving the State Police the responsibility of collaborating with DCJS to promulgate the policies and procedures for firearms safety and training. It also requires the State Police to work with DCJS in creating an appeals board.

Section 4 amends the penal law by adding a new section 265.01-e, making a comprehensive list of all the sensitive places where the possession and carrying of firearms, rifles, or shotguns are prohibited. This section makes it a class E felony to possess a firearm, rifle, or shotgun in an enumerated prohibited sensitive place. It also specifies the people who are exempt from this prohibition.

Section 5 amends the penal law by adding a new section 265.01-d, making it a class E felony to possess a firearm, rifle, or shotgun on private property where a property owner has not given an indication or expressly allowed a person to possess. It also specifies the people who are exempt from this prohibition.

Section 6 amends penal law section 265.20 by allowing a person to possess a pistol or revolver while undergoing live-fire range training with a qualified instructor.

Section 7 amends penal law section 400.02 by requiring DCJS to conduct a monthly check of licensees' records for criminal conviction, criminal indictment, mental health, extreme risk protection orders, orders of protection, and other records. This section also creates a statewide license and records database for the sales of ammunition.

Section 8 amends penal law section 400.03, providing that people who sell firearms or ammunition shall keep records of their sales in way approved by State Police.

Section 9 amends penal law section 265.45, promulgating new safe storage laws for rifles, shotguns, and firearms in vehicles.

Section 10 adds a new section 400.30 to the penal law, to specify that the enactment of this bill and its application will not prevent local law to be more restrictive.

Section 11 amends penal law section 270.20, replacing the former defined term "body vest" with a new definition of the term "body armor," which includes any product that is a personal protective body covering intended to protect against gunfire, and would include hard body armor.

Section 12 amends penal law section 270.21, changing the term "body vest" to "body armor" and prohibiting the purchase of body armor by individuals not engaged or employed in an eligible profession.

Section 13 amends penal law section 270.22, changing the term "body vest" to "body armor" and prohibiting the sale of body armor to individuals not engaged or employed in an eligible profession.

Section 14 amends section 396-eee of general business law, changing the term "body vest" to "body armor," and prohibiting the sale of body armor

to individuals not engaged or employed in an eligible profession.

Section 15 amends section 144-a of the executive law, changing the term "body vest" to "body armor."

Section 16 amends the executive law to add a new section 228, authorizing State police to run national instant criminal background checks and serve as a State point of contact.

Section 17 amends section 898 of the general business law to require dealers to submit a request to State police before receiving a background check.

Section 18 amends section 896 of the general business law to require firearm dealers to submit a request to State police before any firearm sale or transfer.

Section 19 amends section 400.03 of the penal law, requiring dealers and sellers to go through the State police to conduct background checks.

Section 20 adds a new section 400.06, requiring dealers to contact State police to conduct a national instant criminal background check. Failure to comply is a class A misdemeanor.

Section 21 adds a new section 99-pp to the finance law to create a "background check fund". This fund will be used to cover the costs associated with performing background checks.

Section 22 amends section 265.00 of the penal law to redefine "duly authorized instructor" as including people certified by DCJS.

Section 23 amends section 400.00 of the penal law to require licensing officials to notify licensees regarding important information concerning their responsibilities as a license holder. Licensees must receive a notification regarding the requirements for the safe storage of their firearm, rifle, or shotgun.

Section 24 amends section 265.00, to modify the definition for a rifle and shotgun.

Section 25, the severability clause, provides that if any part of this Act be adjudged by any court of competent jurisdiction to be invalid, such judgment would not invalidate the remainder of the Act.

Section 26 provides that the bill takes effect on the first day of September next succeeding the date on which it shall have become a law.


**EXISTING LAW**:

1. PL § 400.00 establishes the requirements for licenses to carry, possess, repair, and dispose of firearms.

2. PL § 265 establish the penalties of unlawful possession of firearms and other dangerous weapons.


3. PL § 400.02 establishes the creation of a statewide license and record database.

4. PL § 400.03 requires every "commercial transfer" of ammunition, including sales by firearms dealers and other ammunition vendors, to be preceded by a background check through a statewide license and record database.

5. PL § 270.20 establishes the penalties for unlawful wearing of a body vest.

6. PL § 270.21 establishes the penalties for unlawful purchase of a body vest.

7. PL § 270.22 establishes the penalties for unlawful sale of a body vest.

8. Gen Bus. L § 896 establishes the regulations concerning the operation of a gun show.

9. Gen Bus. L § 898 establishes the requirements for the private sale or disposal of firearms, rifles and shotguns.

10. Gen Bus. L § 396-eee establishes the penalties for unlawful sale or delivery of body vests.

11. Executive law § 144-a establishing the criteria for eligible professions for the purchase, sale, and use of body vests.

12. Executive law § 837 establishes the functions, powers, and duties of the division.


**JUSTIFICATION**

Modifying NYS Conceal Carry Application Process and Criteria

The proposed legislation creates a new licensing procedure that satisfies the requirements set forth by the United States Supreme Court decision in New York State Rifle & Pistol Association, Inc., v. Bruen, et al. Notably, this replaces the "proper cause" requirements of New York's current conceal carry law, with a new set of requirements that protects individuals' Second Amendment rights as determined by the Supreme Court. Under this bill, applicants who successfully meet New York's conceal carry license applications requirements will receive their license. The bill furthers the State's compelling interest in preventing death and injury by firearms. It addresses who may lawfully possess a firearm, the requirements for purchasing guns and ammunition, and the restrictions that may be imposed on the possession or carrying of guns. It contains enhanced screening of conceal carry license applicants (including in-person interviews, reviews of social media and other information necessary to evaluate the application). The bill includes a robust appeals process to ensure the system is administered consistently and fairly across the State, including a new requirement for written notices to applicant licensees for all denials and revocations. It provides recurring monthly checks of licenses statewide to identify those who become prohibited from possessing firearms and expands secure storage to prevent thefts of guns from cars.

Point of Contact: State-run Background Checks for Firearms

Efficient, effective, and thorough background checks are a vital component of ensuring public safety and guaranteeing that individuals can purchase guns without unreasonable delay. Background checks undertaken by states are typically more thorough than those conducted by the Federal Bureau of Investigation ("FBI"), which lacks access to crucial state-owned and local-owned records and databases that provide a fuller, more accurate assessment of an applicant's background. This legislation makes the State responsible for the administration of background checks relating to gun purchases, establishing New York as a "Point of Contact" state. State background checks can integrate additional essential information into the licensing process, including outstanding felony warrants, mental health records, domestic violence restraining orders,

and more updated criminal and disposition records. Research and institutional data shows that the practice of conducting firearm purchaser background checks through state or local agencies, as opposed to through the FBI, is associated with reduced firearm death rates. Thirteen states use a state or local point of contact for all firearm transfers. Other states use a state or local point of contact for handgun background checks only, using the FBI for background checks on long gun transfers.

Body Armor

Under existing Penal Law section 270.20, a "body vest" is defined as a bullet-resistant soft body armor. This bill changes "body vest" to "body armor" in order to apply to a broader array of protective equipment that is bullet resistant. During the mass shooting in Buffalo, the shooter was wearing a steel-plated vest which would not have been captured under the existing body vest definition.

Ammunition Background Checks

In practice, in most states, individuals can purchase ammunition without any background check or other restriction, often over the Internet. Thirteen states restrict access to ammunition by most or all people who cannot possess firearms (although the eligibility criteria for firearm possession is stronger than for ammunition possession in 3 states). Ammunition background checks and other regulations on the sale and transfer of ammunition are important ways to keep the public safe.


**LEGISLATIVE HISTORY**:

This legislation is new law. It also modifies provisions of law concerning body armor, enacted by chapter 210 of the laws of 2022.


**BUDGET IMPLICATIONS**:

State agencies can begin to implement changes with existing resources.


**EFFECTIVE DATE**:
This bill shall take effect September 1, 2022, provided to allow DCJS additional time for implementation, some sections will go into effect April 1, 2023.