UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
Albany Division

| | |
|---|---|
| IVAN ANTONYUK, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDTION, and GUN OWNERS OF AMERICA NEW YORK, INC.,<br><br>   Plaintiffs,<br><br>   vs.<br><br>KEVIN P. BRUEN, in his Official Capacity as Superintendent of the New York State Police,<br><br>   Defendant. | Civil Action No. 1:22-CV-00734-GTS-CFH |

**MOTION OF DR. JACLYN SCHILDKRAUT, Ph.D., FOR LEAVE TO APPEAR AS AMICUS CURIAE**

COMES NOW Dr. Jaclyn Schildkraut, Ph.D., and respectfully moves this Court for leave to participate in this action as *amicus curiae* and file the attached *Amicus Curiae* brief relating to the Motion for Preliminary Injunction filed by the plaintiffs in this action on July 20, 2022.  In support of this Motion, Dr. Schildkraut states as follows:

1. Dr. Schildkraut is a New York resident, an Associate Professor of Criminal Justice at the State University of New York ("SUNY") at Oswego, the interim Executive Director of the nonpartisan Regional Gun Violence Research Consortium ("RGVRC"), and a widely published and recognized international expert on mass shootings.

2. Among other topics, Dr. Schildkraut has extensively researched, commented on, and written about the leakage that precedes mass shootings in this country, including leakage on social media.

3. Works by Dr. Schildkraut have been published in a wide variety of academic and peer-reviewed journals, including *Aggression & Violent Behavior*; *American Journal of Criminal Justice*; *Crime Prevention and Community Safety*; *Crime, Law and Social Change*; *Criminal Justice Studies*; *Criminology, Criminal Justice, Law & Society*; *Emory Law Journal*; *Fast Capitalism*; *Homicide Studies*; *Journal of Crime and Justice*; *Journal of Criminal Justice and Popular Culture*; *Journal of Homeland Security and Emergency Management*; *Journal of Qualitative Criminal Justice & Criminology*; *Journal of School Violence*; *Security Journal*; *Sociological Inquiry*; *Victims & Offenders*; and *Washington University Journal of Law & Policy*.

4. Dr. Schildkraut has also authored and/or edited five books relating to mass shootings and school shootings since 2016, including:

- Jaclyn Schildkraut & H. Jaymi Elsass, *Mass Shootings: Media, Myths, and Realities* (2016);

- *Mass Shootings in America: Understanding the Debates, Causes, and Responses* (Jaclyn Schildkraut ed., 2018);

- Jaclyn Schildkraut & Glenn W. Muschert, *Columbine, 20 Years Later and Beyond: Lessons from Tragedy* (2019);

- Jaclyn Schildkraut & Amanda B. Nickerson, *Lockdown Drills: Connecting Research and Best Practices for School Administrators, Teachers, and Parents* (2022, *forthcoming*); and

- *Guns in American Society: An encyclopedia of history, politics, culture and the law* (Jaclyn Schildkraut & Gregg L. Carter eds., 3rd ed. 2022, *forthcoming*).

5.     As stated, Dr. Schildkraut is also the interim executive director of the RGVRC, a nonpartisan coalition of gun violence researchers and practitioners from eight states and territories that aims to inform policymakers and the public by providing evidence-based, data-driven policy recommendations to disrupt the cycle of firearm-involved homicides, suicides, and injuries.  Through her work on the RGVRC, Dr. Schildkraut has helped author policy briefs relating to mass shootings since 2018, including:

- Can Mass Shootings Be Stopped?  To Address the Problem, We Must Better Understand the Phenomenon (RGVRC, 2018, *updated* 2021); and

- Assault Weapons, Mass Shootings, and Options for Lawmakers (RGVRC, 2019).

6.     New York's Concealed Carry Improvement Act ("CCIA"), which the plaintiffs seek to preliminarily and permanently enjoin, contains a provision that requires, as a condition for licensure, that an applicant for a concealed firearms license

"submit to the licensing officer . . . a list of former and current social media accounts of the applicant from the past three years to confirm the information regarding the applicants character and conduct . . . ." *See* N.Y. Penal Law § 400.00(o)(iv) (McKinney 2022).

7.     Through the attached *Amicus Curiae* brief, Dr. Schildkraut seeks to provide the Court with the benefit of her extensive research relating to the use of social media by mass shooters before they perpetrate their horrific crimes—research that will aid the Court with its evaluation of the social media disclosure requirement in the CCIA.

8.     District courts have "broad discretion to permit or deny the appearance of amici curiae in a given case." *Soss v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020) (quotations and citation omitted). *See also James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 n.2 (N.D.N.Y. 1995) ("The district court has broad inherent authority to permit or deny an appearance as amicus curiae in a case.").

9.     Courts in this district generally grant appearance as *amicus curiae* "if the information offered is timely and useful." *Hart v. Town of Guilderland*, No. 1:20-CV-475 (MAD/DJS), 2020 WL 8411581, at *1 (N.D.N.Y. July 28, 2020) (quotations and citation omitted).

10.     "The primary reason to allow amicus curiae briefing is that the amicus curiae 'offer insights not available from the parties,' thereby aiding the Court." *Pratt v. Indian River Cent. Sch. Dist.*, No. 7:09-CV-0411 (GTS/GHL), 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010) (quotations and citations omitted).

11.   *Amicus curiae* submissions are particularly appropriate in cases involving matters of public interest.  *See id*.

12.   Dr. Schildkraut's proposed *amicus curiae* brief meets the standards for consideration in this case, which involves a matter of acute public interest—the requirements for a New York resident to obtain a permit to carry a concealed firearm.  Dr. Schildkraut is an independent and nationally recognized expert on mass shootings, and her extensive research regarding pre-shooting leakage will aid the Court's evaluation of the CCIA's social media component, which the plaintiffs challenge in their Complaint and Motion for Preliminary Injunction.

13.   Moreover, permitting Dr. Schildkraut leave to file as *amicus curiae* will not cause any unnecessary delay to the currently pending case schedule, as Dr. Schildkraut is prepared to file the attached *amicus curaie* brief in advance of the hearing date for plaintiffs' Motion for Preliminary Injunction.  *Cf. Pratt*, 2010 WL 11681606, at *3 (a motion for leave to participate as *amicus curiae* "is untimely if filed after judgment has been rendered") (internal quotations and citation omitted).

14.   The defendants have consented to the filing of this brief.  The plaintiffs have not taken a position, and defer to the court as to whether the filing of this brief is appropriate.

For the foregoing reasons, Dr. Schildkraut respectfully submits that leave to file the attached *amicus curiae* brief should be granted.  A [Proposed] Order granting this Motion is filed concurrently herewith.

DATED:  August 17, 2022                Respectfully submitted,

                                       By: _____
                                                John V. Elmore, Esq.

                                       Law Office of John V. Elmore, P.C.
                                       2969 Main Street, Suite 200
                                       Buffalo, New York 14214
                                       Phone: 716-300-0000
                                       Fax: 716-222-2215
                                       Email: jve@elmore.law

                                       Attorneys for Proposed *Amicus Curiae*,
                                       Dr. Jaclyn Schildkraut, Ph.D.