IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN ANTONYUK, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION, AND GUN OWNERS OF AMERICA NEW YORK, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KEVIN P. BRUEN, in his official capacity as Superintendent of the New York State Police,<br><br>*Defendant*. | Civil Action No.<br>1:22-cv-00734-GTS-CFH |

**MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction. If granted leave, Everytown will file the brief attached as Exhibit A.[1] Plaintiffs and Defendant both take no position on this motion.[2]

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including over 650,000 in New York. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan

---

[1] No party's counsel authored the proposed amicus brief in whole or part and, apart from Everytown, no person contributed money to fund its preparation or submission.

[2] Plaintiffs stated that they "take no position on the motion to file an amicus brief in support of the defendant, and defer to the court as to whether such briefing is helpful or appropriate."

coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a 20-year-old gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of 40 cities, towns, and other localities in New York are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 50 amicus briefs in Second Amendment and other firearms cases, including in this District, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. Beach*, No. 1:18-cv-00134 (BKS/ATB), Dkt. 23-3 (N.D.N.Y.) (filed April 2, 2018); *NRA v. Swearingen*, No. 4:18-cv-137, Dkt. 110-1 (M.D. Fla.) (filed Sept. 10, 2020).

Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 nn.4 & 7 (2019) (Alito, J., dissenting).

"'A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case.'" *Hart v. Town of Guilderland*, No. 1:20-cv-00475, 2020 WL 8411581, at *1

(N.D.N.Y. July 28, 2020) (quoting *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)). While "[t]here is no governing standard, rule, or statute prescribing the procedure for obtaining leave to file an [amicus brief] in the district court[,]" a "court may grant leave to appear as an [amicus] if the information offered is timely and useful." *Id.* (internal citations omitted). A "court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest." *Pratt v. Indian River Cent. Sch. Dist.*, No. 7:09-cv-00411, 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010) (citations omitted).

Everytown respectfully submits that the proposed amicus brief would offer helpful insight to the Court by providing additional analysis regarding the methodology for Second Amendment cases in the wake of *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). *Bruen* identified, but did not resolve, an important question regarding the focus of the historical analysis of the Second Amendment—that is, whether the analysis should focus on the public understanding of its text in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *See Bruen*, 142 S. Ct. at 2138-39. Everytown's proposed brief explains that 1868 is the correct focus and that sources in the period after 1868 are also critical to the historical analysis, and further explains how 19th- and early 20th-century laws fit into *Bruen*'s framework. Defendant's brief does not address these issues in depth because history establishes the constitutionality of New York's challenged law regardless of which period the Court examines. Because the Court may wish to resolve the question of the correct time period in this case, and because *Bruen* compels consideration of 19th- and early 20th-century laws either way, we respectfully submit that Everytown's amicus brief would assist its decision-making.

This motion is timely by analogy to Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal

3

brief of the party being supported is filed."). Indeed, Everytown is filing this motion 2 days after the principal brief of the party it is supporting and 5 days before the deadline for Plaintiffs' reply brief. Accordingly, granting this motion would not cause any delays to the litigation. *See, e.g.*, *Hart*, 2020 WL 8411581, at *1 ("[T]he proposed amicus brief is timely because the filing has already been provided to the Court and consideration of the filing would not result in delays to the litigation."); *Pratt*, 2010 WL 11681606, at *3 ("[A] motion for leave to participate [as] amicus curiae is not untimely simply because cross-motions for summary judgment have already been fully submitted. Rather, the motion is untimely if it is filed after 'judgment has been rendered on those motions.'" (citations omitted)).

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached hereto as Exhibit A.

Dated: August 17, 2022

Respectfully submitted,

Everytown Law
*/s/ Alla Lefkowitz*
Alla Lefkowitz
Bar Roll # 703313
P.O. Box 14780
Washington, DC 20044
Phone: 202-545-3257, ext. 1007
Fax: 917-410-6932
alefkowitz@everytown.org

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

Janet Carter*
William J. Taylor, Jr.*
Carina Bentata Gryting*
Kari L. Still*
Everytown Law
450 Lexington Avenue, P.O. Box 4184
New York, NY 10017
Phone: (646) 324-8174
jcarter@everytown.org

* Not admitted in the Northern District of New York

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

5

## CERTIFICATE OF SERVICE

  I hereby certify that on August 17, 2022, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of New York by using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

                */s/ Alla Lefkowitz*
                ALLA LEFKOWITZ
                (Bar Roll # 703313)
                Everytown Law
                P.O. Box 14780
                Washington, D.C. 20044
                (202) 545-3257 ext. 1007
                alefkowitz@everytown.org