

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 776-2620

August 19, 2022

**By ECF**

The Honorable Glenn T. Suddaby
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Re:   *Antonyuk, et al. v. Bruen*, No. 1:22-CV-734 (N.D.N.Y) (GTS/CFH)

Dear Chief Judge Suddaby:

      This Office represents Defendant Kevin P. Bruen, in his official capacity as Superintendent of the New York State Police, in the above-referenced action. Yesterday afternoon, the Court issued a text order stating that the Plaintiffs may file "additional or supplemental declarations, including those detailing (1) any hours and resources spent by the organizational Plaintiffs handling communications from aggrieved members and supporters (and/or any anticipated loss of financial support and resulting interference with ability to function as organizations), and (2) any intent by Plaintiff Antonyuk in engage in conduct proscribed by the CCIA (e.g., carrying a concealed handgun into a gas station or store that is not specifically posted with a sign allowing him to carry there)." ECF No. 34. We write to request that the Court clarify that any new affidavits or declarations submitted pursuant to its August 18, 2022 Order will be considered only in regards to issues of standing or justiciability.

      "[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Warth v. Seldin, 422 U.S. 490, 501-02 (1975). "If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Id. Superintendent Bruen does not object to the proposed new affidavits or declarations to the extent they concern standing, and welcomes the opportunity to discuss issues of subject matter jurisdiction with the Court.

Hon. Glenn T. Suddaby
August 19, 2022
Page 2 of 3

However, if the new affidavits or declarations were to go to merits issues, allowing them on the eve of the preliminary injunction hearing would cause significant prejudice. The Plaintiffs' Complaint raised facial constitutional challenges, and Defendant's opposition is accordingly structured around those facial challenges. See ECF No. 19 at 20-21 (discussing the facial nature of the challenge based on the Complaint's allegations); see, e.g., id. at 47 (discussing the lack of any likelihood of success on a facial challenge when "Plaintiffs' motion papers do not specify which categories of sensitive places they are challenging – other than all of them – or why they contend that these critical public safety laws violate the constitution."). In the event that the Plaintiffs were to attempt to use the new declarations to alter or fix their merits arguments – by alleging for the first time that Plaintiff Antonyuk intends to violate a specific subsection of the CCIA, for instance, or attempting to convert their facial challenge to an as-applied one – the proper procedure would be to permit them to amend their complaint and file a new preliminary injunction motion, allowing Superintendent Bruen a fair chance to respond. Cf. Terranova v. N.Y. State Dep't of Corr. & Cmty. Supervision, 268 F. Supp. 3d 453, 456 & n.3 (W.D.N.Y. 2017) (declining to consider newly-submitted facts outside the complaint and noting that plaintiff had not sought leave to amend).

The Plaintiffs would not otherwise be permitted to submit new facts or new legal theories at this late stage in the briefing, because "[i]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply," and "providing specifics in a reply in support of a general argument . . . counts as new matter in reply." Burroughs v. County of Nassau, No. 13 Civ. 6784, 2014 WL 2587580, at *13 (E.D.N.Y. June 9, 2014) (quoting Wolters Kluwer Fin. Servs. Inc. v. Scivantage, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007)). The prejudice here from a last-minute submission of new merits arguments would be particularly stark where the new material may be submitted "the day before the preliminary injunction hearing is scheduled to commence," Mastercard Int'l Inc. v. FIFA, No. 06 Civ. 3036, 2006 WL 3065598, at *2 (S.D.N.Y. Sept. 26, 2006), and because of the significant historical research required in defending a claim brought under the Bruen standard. See ECF No. 12 (noting that "Defendant certainly must . . . review "extensive" history to brief the Court on the relevant historical traditions."). Superintendent Bruen is prepared to argue the merits of the motion that has been made and opposed – the new material should not be permitted to alter that motion the night before it is to be heard.

Accordingly, Superintendent Bruen requests that the Court clarify that any new affidavits or declarations submitted pursuant to its August 18, 2022 Order will be considered only in regards to issues of standing or justiciability. We thank the Court for its time and consideration of this matter.

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
Attorney for Superintendent Bruen

By: *[signature]*
James M. Thompson
Special Counsel
Bar Roll No. 703513
28 Liberty Street
New York, NY 10005
(212) 416-6556
james.thompson@ag.ny.gov

*s/ Michael McCartin*

Michael G. McCartin
Assistant Attorney General | Special Counsel
Bar Roll No. 511158
(518) 776-2620
Michael.McCartin@ag.ny.gov

cc: By ECF
All Counsel of Record

#